14-2121
*Li v. Lynch*

BIA
Nelson, IJ
A200 915 190

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand sixteen.

PRESENT:
> RALPH K. WINTER,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

FENG LI,
> *Petitioner,*

v.                                                    14-2121
                                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Acting Assistant
                         Attorney General, Civil Division;
                         Terri J. Scadron, Assistant
                         Director; Lisa Morinelli, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Feng Li, a native and citizen of China, seeks review of a June 4, 2014, decision of the BIA affirming a September 19, 2013, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Li,* No. A200 915 190 (B.I.A. June 4, 2014), *aff'g* No. A200 915 190 (Immig. Ct. N.Y. City Sept. 19, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

Li does not argue past persecution in his brief, so the only issue before us is whether the agency erred in concluding that Li failed to show an objectively reasonable fear of future persecution. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (waiver); *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008) (validity of unchallenged determinations).

To establish eligibility for asylum, an applicant like Li, who has not established past persecution, must demonstrate a well-founded fear of future persecution. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A); *Kyaw Zwar Tun v. U.S. INS*, 445 F.3d 554, 564 (2d Cir. 2006). To demonstrate a well-founded fear of persecution, an applicant must show "that he subjectively fears persecution" and that "his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008). An applicant can establish an objectively reasonable fear of future persecution by either (1) offering evidence that he would be singled out individually for persecution, or (2) proving that a pattern or practice of persecution of similarly situated persons exists in his home country. 8 C.F.R. § 1208.13(b)(2); *Mufied v. Mukasey*, 508 F.3d

3

88, 91 (2d Cir. 2007). Li argues that he would be singled out for persecution and that there is a pattern or practice of persecution against Christians practicing in unregistered churches in China.

In the absence of past persecution, an alien alleging that he will be individually targeted for future persecution must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Apart from some difficulties at school, the record contains no evidence that Chinese authorities are aware of Li's religious activities. At most, a letter from Li's father indicates that Chinese authorities questioned him about the reason Li left China; Li's father provided no information to the authorities, and there is no evidence that the authorities have asked about Li since 2011.

While Li argues that the 2012 Annual Report for the Congressional-Executive Commission on China supports his belief that he would be individually targeted, he relies on a single excerpt discussing a ten-year plan to eliminate house churches. The report specified that the plan had been

4

implemented in only three areas in China and was focused on clergy members. As Li is not a clergy member, and this plan is being implemented in a limited area, it does not establish that Li would be individually targeted for persecution. Without solid support, Li's claim that he would be targeted for future persecution is speculative and insufficient to meet his burden of proof. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Li also argues that there is a pattern or practice of persecution of Christians. To make this showing, a petitioner must demonstrate that the harm to that group is "so systemic or pervasive as to amount to a pattern or practice of persecution." *In re A-M-*, 23 I. & N. Dec. 737, 741 (BIA 2005); *Mufied*, 508 F.3d at 91. Li relies on excerpts from the State Department's 2010 and 2012 International Religious Freedom reports. However, review of these reports confirms that the agency correctly determined that, while there are restrictions on religious freedom in China, treatment of unregistered church activities varied by region. Both reports discuss how the State Administration for Religious Affairs announced in 2005 that family and friends had the right to meet at home for

worship, prayer, and Bible study without registration. Further, while the 2012 report acknowledges government harassment and arrests based on religious practice, it also states that, "[i]n parts of the country, local authorities tacitly approved of or did not interfere with activities of unregistered groups." 2012 Int'l Rel. Freedom Report, *available at* http://www.state.gov/j/drl/rls/irf/2012 religiousfreedom/index.htm#wrapper. Thus, even considering the sources Li alleges were ignored, it is clear that the agency reasonably determined that Li failed to show a "pervasive" pattern or practice of persecution of Christians who attend unregistered churches.

Because Li has not shown an objectively reasonable fear of persecution as needed for asylum, he is necessarily unable to meet the higher standard for withholding of removal or CAT relief because all three claims rest on the same factual predicate. *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

7